UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-118 (7) (JRT/LIB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S |
| | ) | SENTENCING POSITION |
| v. | ) | |
| | ) | |
| CHRISTOPHER LEE WESSELS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, John R. Marti, Acting United States Attorney for the District of Minnesota, and Julie E. Allyn, Assistant United States Attorney, submits this Memorandum setting forth the Government's sentencing position.

## INTRODUCTION

On December 5, 2012, Defendant pled guilty to Count One of a multi-count Superseding Indictment charging him with Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine and to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

Following the guilty plea, probation prepared a Presentence Investigation Report ("PSR"). The PSR determined the total offense level as follows: based on the amount of methamphetamine possessed by Defendant (15 kilograms of a mixture of methamphetamine), his base offense level was 38. (PSR ¶ 65). Defendant's base offense level was then adjusted downward three levels for acceptance of responsibility, resulting in a total offense level of 35. (PSR ¶ 71). The PSR calculated Defendant's

criminal history to be level V, and the resulting guideline range to be 262 to 327 months' imprisonment. (PSR ¶¶ 109, 139).

In light of Defendant's conduct and the crime, the Government respectfully requests this Court sentence Defendant to the bottom of the guideline range.

## ARGUMENT

The Government requests the Court sentence Defendant within the guideline prison range in light of all of the relevant factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) requires a Court to analyze a number of factors, including, "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

**A Consideration of the 3553(a) Factors Warrants A Sentence Within the Guideline Range.**

**1.    Nature and Circumstances of Offense.**

Defendant's conduct, along with his co-defendants in this case, exceeds merely possessing a single amount of methamphetamine on one day. Rather, as evident from Defendant's own admissions, he was a significant drug dealer. Specifically, Defendant was involved in distributing an enormous amount of controlled substances for at least three years. (PSR ¶ 51). Defendant admitted to personally being responsible for more than 5 kilograms of methamphetamine. (<u>Id.</u>). Considering that methamphetamine is a drug

typically consumed in increments ranging from one-tenth of a gram to one-half of a gram, Defendant would have been responsible for distributing hundreds of doses of a dangerous and addictive drug.  Given the amount of actual methamphetamine Defendant was responsible for over such a sustained period of time, a sentence at the bottom of the guideline range is justified and necessary in this case.

    **2.**    **History and Characteristics of Defendant.**

Not even including Defendant's lengthy juvenile record, Defendant has an extremely substantial criminal history.  Spanning the last 10 years before Defendant's guilty plea, Defendant amassed five felonies, probation violations, and prison sentences.  Defendant even participated in the drug conspiracy while on probation for two different felony offenses.

Defendant received his first two felony convictions in February of 2003, both for drug offenses – Possession of Methamphetamine and Tampering with Anhydrous Ammonia.  (PSR ¶ 97).  On February 24, 2003, Defendant received a probation sentence for these felonies, but Defendant did not use this as a second-chance.  Rather, Defendant violated his probation by failing to remain law-abiding, among other violations.  (Id.).  In fact, *only one month* after Defendant's February sentence, Defendant committed yet another felony drug charge – Third Degree Possession of Methamphetamine, on March 23, 2003.  (PSR ¶ 99).  At the time Defendant was sentenced on this new drug charge, Defendant's probation on his previous felonies was revoked and Defendant received 3 prison sentences, concurrent for a total prison term of 37 months.  (PS ¶ ¶ 97, 99).

These three felony convictions and prison sentences, however, did not deter Defendant. Rather, in relatively quick succession, Defendant amassed two more felony convictions. First, on June 10, 2011, Defendant pled guilty to Felony Fifth Degree Controlled Substance Crime. (PSR ¶ 104). Only *one month* after pleading guilty, Defendant committed his next felony: Felony Fleeing a Peace Officer in a Motor Vehicle, on July 17, 2011. (PSR ¶ 105). Defendant received probation sentences for both these felonies in September 2011 and March 2012, respectively. (PSR ¶¶ 104, 105). Nevertheless, Defendant flagrantly flouted his probation and court supervision, as during this entire time frame of 2011 and 2012 Defendant was participating in the massive drug conspiracy that brings him before this Court.

Probation sentences and a moderate prison sentence did not deter Defendant. Defendant's unrelenting criminal history and numerous drug convictions reveal his character to be that of an unrepentant recidivism. Such crimes committed while on probation or irrespective of a previous prison term, justifies a sentence of 262 months' imprisonment.

    **3.    The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.**

Drug trafficking in this country is a serious crime that creates drug addiction which in turn ravages families and communities. Given the serious nature of the crime, and Defendant's role as a significant drug dealer, only a sentence within the guideline range will account for the seriousness of Defendant's offense conduct. After several felony

convictions, a prison term, and while on probation, Defendant again made the choice to violate the law for a significant time-span and the offenses committed by Defendant are routinely drug crimes. Defendant clearly has no respect for the law. To promote respect for the law, Defendant needs a significant sentence for there to be a true consequence to Defendant's continued criminal conduct. A sentence of 262 months' imprisonment sends a message to Defendant and others that you cannot continue to flout the law in such a serious manner, and while under court supervision, and not suffer any significant consequences.

### 4. The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct, and the Need for the Sentence Imposed to Protect the Public from Future Crimes of This Defendant.

In this case, there is a need for both individualized and general deterrence. Individualized deterrence is that which discourages Defendant from ever committing such a crime again. A significant prison sentence is necessary to at least attempt to deter Defendant from future crimes. If nothing else, a significant prison sentence will protect the public from Defendant's continuous criminal activity.

A sentence within the guideline range is also important as a general deterrent. General deterrence is the public response necessary to deter other people from committing similar crimes. "Congress specifically made general deterrence an appropriate consideration . . . and we have described it as 'one of the key purposes of sentencing.'" Ferguson v. United States, 623 F.3d 627, 632 (8th Cir. 2010) (quoting United States v. Medearis, 451 F.3d 918, 920 (8th Cir. 2006)). A sentence within the guideline range in

this case sends a message to other drug traffickers that if they continue to distribute drugs in this country, they will face serious prison time.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully asks the Court to sentence Defendant within the bottom of the guideline range.


Dated: December 16, 2013              Respectfully submitted,

                                                                         JOHN R. MARTI
                                                                         Acting United States Attorney

                                                                         s/ Amber Brennan

                                                                         FOR:   JULIE E. ALLYN
                                                                         Assistant U.S. Attorney
                                                                         Attorney ID No. 256511