UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-118(7) (JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| v. | |
| CHRISTOPHER WESSELS, | |
| Defendant. | |

Defendant Christopher Wessels has filed a motion asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) and order his immediate release. The United States respectfully opposes the motion. This Court should deny the motion with prejudice because Wessels has not met his burden of establishing that a sentence reduction is warranted under the statute. This Court should also deny Wessels's alternative request for an order directing BOP to transfer him to home confinement.

**Factual Background**

In September 2014, Wessels was convicted of conspiring to distribute methamphetamine. This Court sentenced him to a below-guidelines term of 156 months of imprisonment. *See* Doc. No. 527. Wessels has served about half of that sentence; he now moves under 18 U.S.C. § 3582(c)(1)(A) for a sentence

1

reduction resulting in his immediate release from the custody of the Bureau of Prisons (BOP) based on claims about his family circumstances.

## I.  Wessels's Conviction and Request for a Sentence Reduction

Wessels was convicted in 2014 for his role in a large conspiracy to distribute methamphetamine. Doc. No. 526. This Court sentenced him to 156 months in prison, well below his guidelines range of 262-327 months. *Id.*; Doc. No. 527 at 1. Wessels and his girlfriend worked together to deal methamphetamine; they each took responsibility for about 15 kilograms of the drug during the life of the conspiracy. PSR ¶¶ 50-51. Wessels has a long history of methamphetamine-related crimes, including an incident in 2002 when he tampered with a tank of the extremely volatile agricultural chemical anhydrous ammonia to steal the substance for manufacturing methamphetamine. PSR ¶ 97. And his criminal history stretches back well into his childhood, with a string of juvenile adjudications for a variety of crimes. PSR ¶¶ 72-89. His criminal history is especially notable because, by all accounts, he had a happy family life and loving parents. PSR ¶ 118; Doc. No. 527 at 3.

Wessels is serving his sentence at FCI Oxford in Wisconsin. BOP, *Find an inmate*, https://www.bop.gov/inmateloc/ (last accessed Oct. 13, 2021). He is scheduled to be released in August 2025. *Id.* Wessels requested compassionate release from the BOP at some point prior to February 26, 2021, based on claims

about his family circumstances. Doc. No. 760-1.[1] On February 26, 2021, the Warden of FCI Oxford denied Wessels's request. *Id*.

## Legal Framework

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his or her sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. The government agrees Wessels's motion is ripe for adjudication because he made a request to BOP more than 30 days ago. Doc. No. 760-1.

When exhaustion requirement is met, and the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," then a court may reduce the defendant's term of

---

[1] The government was able to obtain a copy of the BOP letter denying Wessels's request but not the request itself. The denial letter summarizes the basis for Wessels's request for early release.

imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," as they are applicable. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A), which is codified at U.S.S.G. § 1B1.13. The Eighth Circuit has recently stated that "§ 1B1.13 and its commentary may not be ignored." *United States v. Marcussen*, --F.4th---, 2021 WL 4597778 (8th Cir. Oct. 7, 2021).[2] As relevant here, the policy statement

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; *cf.* 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) (holding current guideline policy statement for compassionate release motions, U.S.S.G. § 1B1.13, is applicable to prisoners' compassionate release motions). *But see United States v. Maumau*, 993 F.3d 821, 834-35 (10th Cir. 2021) (holding current guideline policy statement for compassionate release motions, U.S.S.G. § 1B1.13, is not applicable to prisoners' compassionate release motions); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020) (same); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (same); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. With respect to family circumstances, that standard is met if there is:

>  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or];
>  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. n.1(C)(i)-(ii). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

## Arguments

This Court should deny Wessels's motion for a reduction in his sentence with prejudice on any of three independently sufficient grounds. First, Wessels has not established that "extraordinary and compelling reasons" support a sentence reduction; second, Wessels has not met his burden to show that a reduction is warranted in light of the danger he would pose to the community. Third, the relevant § 3553(a) factors strongly weigh against release. In

addition, this Court lacks statutory authority to grant Wessels's alternative request to direct BOP to transfer him to home confinement.

I. **The Court Should Deny This Motion Because Wessels Has Failed to Present Any "Extraordinary and Compelling Reasons" Warranting a Sentence Reduction.**

Wessels claims without any independent evidence that the Court should grant him early release because his parents' health is declining. His unsupported statements do not meet the high burden required for defendants seeking compassionate release.

Wessels has the burden to show his circumstances warrant compassionate release. *United States v. Heromin*, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019). Here, Wessels claims his parents are unable to care for his children. Doc. No. 760 at 2. Courts consistently require actual evidence of true incapacitation or death before granting compassionate release on this ground. *United States v. Collins*, No. 15-10188-EFM, 2020 WL 136859, at *4 (D. Kan. Jan. 13,2020) ("Information and documentation must be provided showing the incapacitation of the caregiver, that the caregiver is the only family member capable of caring for the child, verifiable documentation that the inmate is the parent of the child, verifiable documentation providing name and age of the child, and a release plan."); *see also United States v. Brewington*, No. 2:12CR00009-007, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019) (stating

6

that without verifiable documentation of a child's caregiver's incapacitation, the court could not properly consider the inmate's motion); *United States v. Goldberg*, No. 12 CR. 864, 2016 WL 6820728, at *3 (S.D.N.Y. Oct. 4, 2016) (holding that a statement from an attorney describing the "goal" to reunite defendant with his son was insufficient to support a request for compassionate release). Wessels presents no evidence of incapacitation with his motion, just unsupported statements about his family. In the absence of medical records, affidavits, family court documents, child welfare records and the like, the Court cannot conclude that Wessels meets the burden to show he merits the rare relief of early release from prison.

Furthermore, for Wessels's claim to succeed, he must also demonstrate that he is the only available caregiver for his children. *Collins*, 2020 WL 136859, at *5. He has not done so, and indeed has not even addressed the issue. *See generally* Doc. No. 760. Sadly, all families suffer when a parent is incarcerated. Wessels's parents, by all reports, are loving caregivers who raised him well. His statements about their health, without any independent verification, are simply not enough to demonstrate that he should be released from prison only halfway into his sentence. Simply put, Wessels has failed to establish any "extraordinary and compelling reason" for a sentence reduction under § 3582(c). The motion should be denied.

## II.  Wessels Still Poses a Danger to the Safety of the Community.

Wessels's request for a sentence reduction should be denied because he has failed to demonstrate that he is not a danger to the community. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Wessels has a long history of destructive drug-related conduct and a pattern of criminal behavior fueled by his addiction. His addiction has proven exceedingly difficult to conquer. For example, Wessels was sober for five years between 2002 and 2007 but was using methamphetamine "on a daily basis" during the life of the charged conspiracy. PSR, ¶ 124.

Wessels claims he is now drug-free and rehabilitated. While he is to be commended for seeking programming and pro-social activities in prison, such rehabilitative programming is a basic expectation for prisoners. *United States v. Logan*, 2021 WL 1221481, at *5 (D. Minn. Apr. 1, 2021) ("Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary. . . ."). And it is by no means certain that Wessels will be able remain drug free once he leaves the prison setting. Wessels has much to prove about his ability to remain law-

abiding in society; the Court should not conclude he no longer poses a risk to those around him.

### III. The § 3553(A) Factors Strongly Weigh Against Wessels's Release.

Finally, the § 3553(a) factors strongly disfavor a sentence reduction in this case. The Court must consider the § 3553(a) factors, "as applicable," as part of its analysis. *See* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *United States v. Hahn*, 2020 WL 980185 at *3 (D. Minn. Feb 28, 2020); *United States v. Vangh*, 2019 WL 6907983 at *2 (D. Minn Dec. 19, 2019) (court considered defendant's medical needs at sentencing and further reduction in sentence would create unwarranted disparity). Those factors can be sufficient, on their own, to override any extraordinary and compelling circumstances a defendant can demonstrate. *E.g. United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020).

Here, Wessels has served just over half of his total one-hundred and fifty-six-month sentence. Granting a reduction in sentence at this point would fail to reflect seriousness of Wessels's offense or afford adequate deterrence to Wessels and other would-be methamphetamine dealers. 18 U.S.C. § 3553(a)(2)(A)-(B). Most importantly, perhaps, early release would create an unwarranted sentence disparity. 18 U.S.C. § 3553(a)(6). Wessels merited a lengthy prison sentence; release after 85 months would grossly undercut that

goal. Accordingly, in light of Wessels's record and the totality of relevant circumstances, this Court should deny the motion for a sentence reduction.

## IV. This Court Has No Authority to Direct the BOP to Place Defendant in Home Confinement.

Wessels has also asked in the alternative that this Court order BOP to place him in home confinement. That request should be denied because this Court has no authority to direct BOP to place a defendant in home confinement. Rather, such designation decisions are committed solely to BOP's discretion.

Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993); *See United States v. James*, 2020 WL 1922568 at *2 (D. Minn. Apr. 21, 2020); *United States v. Brown*, 2020 WL 1922567 at *2 (D. Minn. Apr. 21, 2020); *United States v. Kluge*, 2020 WL 209287 at *3 (D. Minn. Jan. 14, 2020). Because Wessels's request for home confinement alters only the place of

incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

Moreover, there is no constitutional or statutory authority that allows the Court to order home confinement. A prisoner has no constitutional right to confinement in any particular place, including in home confinement. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons."). Following the imposition of sentence, the Court has limited authority to correct or modify that sentence absent specific circumstances enumerated by Congress in 18 U.S.C. § 3582. *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam). Section 3582(c) contemplates only a reduction in sentence. *See* § 3582(c). But Wessels's request to serve the rest of his term in home confinement, as opposed to prison, works no reduction to his sentence. Home confinement merely permits the inmate to serve out his term of imprisonment at home. Wessels's request therefore falls outside § 3582(c)'s limited grant of authority to this Court to modify a sentence post-conviction. *United States v. Williams*, 2020 WL 2300206, *3 (W.D. Tenn. May 1, 2020) ("The Court does not have authority under 18 U.S.C. § 3582(c)(1)(A) to place a prisoner in home confinement. *See Miller v. United*

*States*, No. 16-cr-20222, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020) (collecting cases). Because Wessels offers no other statutory authority to support his request for such relief, this Court has no authority to act on his request for such relief in this forum.[3]

## Conclusion

For these reasons, this Court should deny Wessels's motion for compassionate release with prejudice.

Date: October 18, 2021              Respectfully submitted,

W. ANDERS FOLK
Acting United States Attorney

*/s/Katharine T. Buzicky*

BY: KATHARINE T. BUZICKY
Assistant U.S. Attorney
Attorney ID No. 671031

---

[3] If a court grants a sentence reduction, it may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition of supervised release, provided that the court finds that home confinement is a "substitute for imprisonment." U.S.S.G. § 5F1.2; *see* 18 U.S.C. § 3583(d). Alternatively, a court may consider modifying an existing term of supervised release to add a period of home confinement, consistent with U.S.S.G. § 5F1.2. *See* § 3583(e)(2).

## CERTIFICATE OF SERVICE

I certify that a participant in the case is not CM/ECF user. I have mailed the document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Christopher Lee Wessels
Reg. No. 16523-041
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952

            *s/Christine J. Nguyen*
            By:  Christine J. Nguyen
            Paralegal Specialist