**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Crim. No. 12-118(7) (JRT/LIB)

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR**
**COMPASSIONATE RELEASE**

CHRISTOPHER LEE WESSELS,

Defendant.

Andrew S. Dunne, Craig R. Baune, James S. Alexander & Katharine T. Buzicky, **UNITED STATES ATTORNEYS' OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Christopher Lee Wessels, Reg. No. 16523-041, Oxford Federal Correctional Institution, P.O. Box 1000, Oxford, WI 53952, *pro se* defendant.

Defendant Christopher Lee Wessels is serving a 156-month sentence after being found guilty of conspiracy to distribute methamphetamine.  Wessels moves the Court to reduce his sentencer pursuant to 18 U.S.C. § 3582(c)(1)(A).  Because extraordinary and compelling reasons warrant reduction of his sentence, and such a reduction is consistent with the 18 U.S.C. § 3553(a) sentencing factors and applicable policy statements, the Court will grant Wessels's Motion for Compassionate Release.

**BACKGROUND**

On September 9, 2014, the Court sentenced Wessels to a term of 156 months in prison followed by a term of 5 years of supervised release for violations of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A), and 846 for Conspiracy to Distribute Methamphetamine. (Sentencing J., Sept. 17, 2014, Docket No. 526.)  Wessels is currently incarcerated at Oxford Federal Correctional Institution and is scheduled to be released from custody on August 23, 2025. *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Nov. 22, 2021).  Wessels would be eligible for up to a one-year reduction in his sentence for successful completion of the Residential Drug Treatment Program. *See* 18 U.S.C. § 3621(e)(2)(b).  Without accounting for any good time credits, Wessels has served approximately 86 months, or 55%, of his sentence.

Wessels has two children that currently reside with Wessels's parents who have legal custody of them.  (Mot. Comp. Release, Ex. 1, June 7, 2021, Docket No. 760-1.) Wessels's parents are in their late 70s and have disclosed that they have multiple health issues.  (Mot. Comp. Release at 2, June 7, 2021, Docket No. 760; Comp. Release Investigation, July 26, 2021, Docket No. 763.)  Wessels's father has been subject to multiple joint and spinal surgeries and Wessels's mother recently sustained a serious fall requiring spinal surgery and is currently recovering in a local nursing home.  (Comp. Release Investigation at 2–3.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)).  The law now allows defendants, in addition

to the Bureau of Prisons ("BOP"), to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  If, as relevant here, the 30 days have lapsed, the Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  Extraordinary and compelling circumstances exist if there has been "death or incapacitation of the caregiver of the defendant's minor child or minor children."  U.S.S.G. § 1B1.13, cmt n.1(C)(i).

Incapacitation, as defined by the BOP, occurs when the "family member caregiver suffered a severe injury (e.g., auto accident) or suffers from severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."  Fed. Bureau of Prisons, Program Statement 5050.50 at 7 (2019).[1]  Based on this definition, Wessels's parents are incapacitated.  His mother is clearly incapacitated as she recently suffered a serious injury and had to undergo surgery which she is currently recovering from in a nursing home.  Wessels's father has been subject to multiple joint replacement and spinal surgeries indicating he also falls under the definition of incapacitated because these injuries have

---

[1] The Program Statement is accessible at https://www.bop.gov/policy/progstat/ 5050_050_EN.pdf; *see also Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to some deference).

made rendering care to Wessels's children incredibly difficult. Wessels has demonstrated that he is the only family member who is able to care for the child. The children's mother continues to struggle with recovery and addiction issues and Wessels has represented that there are no other family members able to take care of the children. Since Wessels has established his parents, the primary caregivers of his two children, fall under the definition of incapacitated and he is the only family member able to care for the children, extraordinary and compelling circumstances exist.

When determining whether to reduce a defendant's sentence, the Court considers such factors as whether release would pose a danger to the safety of any person or the community, defendant's criminal and personal history, the nature of the offense, the length of the sentence and time served, disciplinary infractions, and the inmate's release plan. *See* 18 U.S.C. § 3553(a) (factors considered at sentencing); U.S.S.G. § 1B1.13; Fed. Bureau of Prisons, Program Statement 5050.50 at 12 (2019) (providing a nonexclusive list of factors).

If released, Wessels is unlikely to pose a danger to the safety of any person or the community. Wessels was convicted of a non-violent drug crime that stemmed from his significant addiction issues. Wessels has been sober for almost ten years, a noteworthy achievement, and has shown that he will have the support he needs to maintain his sobriety once released. Wessels has an extensive criminal history but much of it flows from his serious addiction issues and none of it involved violent crimes. Wessels also has

4

an approved release plan which includes residing with his parents who will financially support him, attending weekly N/A meetings, and employment with a job that has already been offered to Wessels. (Mot. Comp. Release, Ex. 2, June 7, 2021, Docket No. 760-2.)

When accounting for good time, Wessels has served well over half of his prison sentence, a little over seven years. During this period of imprisonment Wessels has only had two minor rule infractions. (Pro Se Ex., July 14, 2021, Docket No. 762.) Not only has Wessels avoided any major disciplinary action, but he has also completed a significant number of educational and vocational programs, including the residential drug treatment program. (Mot. Comp. Release, Ex. 3, June 7, 2021, Docket No. 760-3.) Wessels also exhibited his ability to comply with supervised release during his pretrial release where he abstained from substance use, maintained stable full-time employment, and positively contributed to the upbringing of his children. (Defs' Sentencing Memo., Sept., 3, 2014, Docket No. 518.) As such, the Court finds that reducing Wessels's sentence to time served would not minimize the severity of the offense, fail to provide adequate deterrence, or pose a danger to any person or the community. *Cf.* 18 U.S.C. § 3553(a)(1)(A)–(C).

In sum, the Court concludes that time served, together with the 5-year term of supervised release originally imposed, add up to a sentence sufficient, but not greater than necessary, to provide just punishment for Wessels' crime. The Court will therefore modify his sentence accordingly.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Wessels' Motion for Compassionate Release [Docket No. 760] is **GRANTED**.

2. The Court modifies Wessels' sentence as follows:

   a. The remainder of Wessels' term of imprisonment is reduced to time served.

   b. The United States shall serve a copy of this order on the warden at FCI Oxford immediately.

   c. This order is stayed for up to 7 days to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than 7 days are needed to make the appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended;

   d. Wessels shall serve the 5-year term of supervised release imposed in the original sentence, and the Probation Office shall begin supervision immediately. Wessels shall comply with all conditions of his supervised release imposed in the original sentence.

DATED: November 24, 2021
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court